# KIK INTERNATIONAL LLC
33 MACINTOSH BLVD.
CONCORD, ONTARIO
CANADA, L4K 4L5

September 20, 2006

**Via Hand Delivery**                                                                 **Confidential**

Robert Theroux
Regional General Manager
APG, Inc.
1919 Superior Street
Elkhart, Indiana 46515-2988

Mr. Theroux:

    Notice is hereby given that APG, Inc. has assigned to KIK International LLC (collectively hereafter, the "Company") all of APG Inc.'s rights, obligations, and interest in and to that certain "EMPLOYMENT AGREEMENT" entered into by and between APG, Inc. and you on or about October 21, 2005 (the "Agreement").

    Notice is further given pursuant to §§ 12(b) and 16 of the Agreement that the Company has grounds to terminate the Agreement and your employment with the Company for cause, including, but not limited to, the following instances of willful misconduct by you that is injurious to the Company:

- (1)     accelerating over $800,000 in payables owed by customer Connetics in October 2005 in advance of the Company's acquisition of your shares of APG, Inc. in an attempt to improperly convert these funds properly belonging to the Company into funds distributable and to be distributed to you and the other sellers at the closing (the "Closing") of the sale of the shares of APG, Inc. (the "APG Shares") to the Company (all of which is described with greater particularity in the Arbitration Demand that is appended hereto and incorporated herein);

- (2)     attempting to back-date sales to Connetics to make it appear as though they were made in September 2005 instead of October 2005 in an effort to cover-up and conceal from the Company the expected precipitous decline in high-margin Connetics sales resulting from earlier agreements between APG and Connetics to allocate sales to the earlier part of calendar year 2005 and resulting from Connetics' termination of its distributor, both of which facts you and other sellers of the APG Shares were contractually obliged to disclose to the Company prior to Closing but which you intentionally withheld and concealed from the Company (all of which is described with greater particularity in the Arbitration Demand that is appended hereto and incorporated herein);



EXHIBIT 12

- (3) concealing from and misleading the Company as to the true financial condition and performance of APG, Inc. following the execution of an agreement for the sale of your APG Shares and prior to Closing (all of which is described with greater particularity in the Arbitration Demand that is appended hereto and incorporated herein); and

- (4) on information and belief, destroying and attempting to destroy electronic documents and other evidence respecting the foregoing so as to hide and conceal the same from the Company.

In addition, the following instances of your willful violations of the Code of Business Conduct And Ethics generally applicable to employees of the Company afford the Company additional grounds to terminate the Agreement and your employment for cause:

- (1) Using corporate property, information and your position for improper personal gain, as set forth above and in our Arbitration Demand (Code at 4);

- (2) Failing to report an incident of fraud to the department head for appropriate investigation (Code at 4);

- (3) Taking unfair advantage of the Company through manipulation, concealment, misrepresentation of material facts, and other intentional unfair-dealing practices, as set forth above and in our Arbitration Demand (Code at 4);

- (4) Failing to assure that financial statements and the books, records and accounts on which they are based appropriately reflect the Company's activities and conform to applicable legal and accounting requirements, as set forth above and in our Arbitration Demand (Code at 6);

- (5) Failing to ensure that the Company's accounting records do not contain any false or intentionally misleading entries, do not intentionally omit or misclassify transactions as to accounts, departments or accounting records, and that all transactions are supported by accurate documentation in reasonable detail and recorded in the proper accounts and in the proper accounting period, as set forth above and in our Arbitration Demand (Code at 6);

- (6) Defrauding the Company by deliberately intending and acting to cheat, trick, steal, deceive, and or lie using your occupation for personal enrichment, as set forth above and in our Arbitration Demand (Code at 6);

- (7) Using the Company's email services for an improper purpose -- namely, to defraud KIK, as set forth above and in our Arbitration Demand (Code at 7);

- (8) Carrying on an extra-marital affair with a subordinate, from at least September 2005 through at least June 2006, including using Company email and time to arrange after-hours rendezvous with this subordinate, in violation of the Code (Code at 7); and

- (9) affirmatively and intentionally misrepresenting to the Company, through Sellers' counsel, the reason for the inclusion of a clause in an earlier employment agreement restricting your associations with female co-workers so as to induce the Company to enter into the current Agreement (Code at 6).

As our investigations into your conduct in connection with the sale of your APG Shares and subsequent to the sale remain ongoing, we further reserve the right to assert additional grounds for termination of the Agreement and your employment for cause when and if they become known to the Company.

In view of the foregoing, and pursuant to § 12(b) of the Agreement, you will be given the opportunity -- but have no obligation -- to present to the Chief Executive Officer ("CEO") of the Company in writing any information that you believe is relevant to the Company's decision as to whether to terminate or continue the Agreement and your employment. If you wish to present any such information, then you must do so in writing, and it must be received by the Company on or before September 27, 2006.

Following receipt of any information that you may present to the CEO, the Company will review and consider that information and any other facts and circumstances that it deems relevant to the matter, and it will thereafter reach a decision respecting whether to terminate or continue the Agreement and your employment with the Company, which decision it will advise you of in writing.

In the interim, you are being placed on administrative leave, effective immediately. The Company will continue to pay your salary and benefits during this administrative leave, but you will not be required or permitted to report to work. During your period of administrative leave, and except with respect to presenting any materials to the CEO respecting your termination, you may not communicate with APG, Inc., Accra-Pac, Kem Krest, or any affiliated companies (collectively or individually, the "APG Group"), nor may you communicate with any employees, consultants, customers, vendors, or suppliers of the APG Group, about the business affairs of the APG Group.

In addition, effective immediately you will no longer be able to use the email or phone systems or equipment of the APG Group, and you are required to turn in any APG Group-owned equipment (*e.g.*, lap-top computer, cell phone, blackberry, PDA, etc.) to the head of human resources for APG, Inc. on or before September 21, 2006. You may continue to use your APG Group-owned or -leased car during your period of administrative leave.

Insofar as you have any electronic or paper APG Group records, documents, or data in your possession, custody or control that are at your home or are otherwise outside of the APG Group offices, then you should turn in the same to the head of human resources for APG, Inc. on or before September 21, 2006. You may not erase any files or destroy any data currently saved on your lap-top computer or elsewhere, and you may not destroy or dispose of any other Company files, records, or data. If you do destroy files, data, or records, then the Company will seek all remedies available to it by law or equity, including a finding that such spoliation of evidence entitles the Company to a finding that you are liable on each and every one of the

indemnity and fraud claims asserted against you in the Arbitration Demand for the full amount of damages being sought.

Should the Company decide not to terminate the Agreement and your employment with cause, it will return to you the aforementioned APG Group-owned equipment and will give you access to the aforementioned APG Group records, documents, and data at that time.

Should the Company decide to terminate the Agreement and your employment for cause, then, after it notifies you of its decision to do so, you will be required to surrender to the Company any and all property of the APG Group that remains in your possession. Further, you will be given an opportunity to collect your personal effects from the APG Group office in which they are currently kept, and you will be advised of any post-termination benefits to which you may be entitled by an appropriate representative from the human resources department. Finally, notwithstanding such termination you will continue to be obligated to comply with and will be expected to comply with the confidentiality and non-compete covenants of the Agreement.

Sincerely,

Howard Brodie

Enclosure (Arbitration Demand)