# KIK INTERNATIONAL LLC
33 MACINTOSH BLVD.
CONCORD, ONTARIO
CANADA, L4K 4L5

September 29, 2006

**Via Overnight Mail**                                                                                 **Confidential**

Frederick H. Bachman
50588 Linden Grove
Granger, Indiana 46530

Mr. Bachman:

    We are in receipt of your letter of September 25, 2006, to David Cynamon, which responds to my letter of September 20, 2006. Capitalized terms used but not defined herein shall have the meanings ascribed to them by my letter of September 20, 2006.

    After considering your letter of September 25, 2006 to David Cynamon and the other facts and circumstances that the Company believes are relevant to this matter, the Company has decided to terminate, and it hereby notifies you that it has terminated, the Agreement and your employment for cause, effective as of the close of business today.

    Before closing, however, we wish to briefly address several points asserted by your letter of September 25, 2006.

    *First*, your letter asserts that seven days is an insufficient time period for you to make "a meaningful reply" to my letter of September 20, 2006 and the enclosure thereto. However, your letter does not explain why this is the case, it does not indicate how much additional time you would require to provide a "meaningful reply," it does not identify any provision of the Agreement or applicable authority requiring that you be given additional time, and it does not explain why at least a partial response to the substance of my letter of September 20, 2006 could not be provided by you and has not been provided by you. As a result, we can only assume that your assertions in this regard are mere posturing.

    *Second*, your letter fails to address the substance of any of the issues raised by my letter of September 20, 2006, asserting instead merely a "general denial of any illegal, unethical, or improper conduct" by you, and your unexplained and unsupported "belie[f]" that cause does not exist to terminate the Agreement and your employment. By way of contrast, in my letter of September 20, 2006, the Company provided you with detailed statements of facts that give it grounds to terminate the Agreement and your employment for cause, which were corroborated in many instances by contemporaneous documents. You will therefore understand why the Company, in light of the record before it, is unwilling to credit your unexplained and unsupported "general denial" and "belief."



*Third,* your letter accuses the Company of proceeding in "bad faith" and of making "defamatory" charges against you. Neither accusation is well-founded. To the contrary, after you and others defrauded the Company, causing it to sustain in excess of $12 million in damages, the Company honored its obligations under the Agreement and afforded you an opportunity to engage on the merits and convince the Company that your Agreement and employment should not be terminated for cause. You, however, plainly elected not to avail yourself of that opportunity. Moreover, the Company has not defamed you by exercising its contractual and common-law rights, nor has it made public its grounds for terminating the Agreement and your employment for cause. Indeed, such unsupported and baseless assertions by you merely further confirm that the Company would be unwise to credit your equally unsupported -- and, so far as the Company is aware, baseless -- "general denial" and "belief."

*Fourth,* your letter's assertions that the Company already had reached its decision and that information provided by you would not influence the Company are again unfounded. The Company did not decide to terminate you before September 27, 2006, it did not ignore your letter, nor did it intend to ignore any information that you might have provided to the Company.

In light of the Company's termination of the Agreement and your employment for cause, please make an appointment with Bob Jaegly (574-295-0000, ext. 2224 or cell. 410-739-0815) to schedule a time for removal of your personal effects from the APG Group facilities and to return all Company property, documents, records, and data remaining in your possession at or before the close of business on October 6, 2006. As to post-termination benefits for which you may be eligible, you will be contacted under separate cover by an appropriate representative from the Company's human resources department.

Finally, I remind you that you are obligated to protect the confidential and proprietary information of the Company and to refrain from competing or interfering with the Company's business pursuant to the terms and conditions set forth in, *inter alia,* §§ 9 & 11 of the Agreement. If you fail to honor these obligations, then the Company is prepared to seek any and all available legal redress to protect its business. Pursuant to § 14(d) of the Agreement, the Company also will be entitled to recover from you its fees and costs incurred in enforcing the Agreement.

Very truly yours,

Howard Brodie

cc: David Cynamon