UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SATISH SHAH, THE SATISH SHAH REVOCABLE TRUST, AMISH SHAH, DEBRA ANN SHAH, ROBERT E. THEROUX, DANIEL L. WILLIAMS and FREDERICK BACHMAN<br><br>Plaintiffs,<br><br>KIK INTERNATIONAL LLC,<br><br>Defendant. | CASE NO. 3:06CV0712 RM |

**UNOPPOSED MOTION TO SEAL EXHIBITS FILED WITH COUNTER-DEFENDANTS' MOTION TO DISMISS**

Defendant/Counter-Plaintiffs KIK International LLC ("KIK"), without objection from Plaintiff/Counter-Defendants Satish Shah, the Satish Shah Revocable Trust, Amish Shah, Debra Ann Shah, Robert E. Theroux, Daniel L. Williams and Frederick Bachman (collectively, "plaintiffs"), hereby moves pursuant to Local Rule 5.3 to have re-filed under seal certain exhibits, specified below, that were filed by plaintiffs in support of their motion to dismiss KIK's counterclaims. In support of this unopposed motion, KIK states the following:

1. On Thursday, December 14, 2006, plaintiffs filed their Brief in Support of Counter-Defendants' Motion to Dismiss. Also filed with the brief were certain documents containing confidential financial and other proprietary information relating to the business of APG, Inc. ("APG"), a business that KIK acquired from plaintiffs.

2. The confidential business information that KIK seeks to protect from public disclosure hereby is contained in Exhibits 3, 4, 6, and 8 (the "Relevant Exhibits") to Counter-Defendant's motion to dismiss. These exhibits contain internal financial statements of APG, including sales data, sales projections, margin data relating to specific customers, customer projections, balance sheets, cash flow statements, inventory projections and analyses, EBITDA projections, and other confidential financial information relating to the financial condition and performance of APG not otherwise disclosed in the pleadings on file in this lawsuit. Because KIK owns APG, public disclosure of this confidential financial information poses a threat to KIK.

3. The Court may seal court records if the interests favoring nondisclosure in a particular case outweigh the public's common-law right of access to judicial records. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978); *U.S. v. Edwards*, 672 F.2d 1289, 1293-94 (7th Cir. 1982). The Court also may seal documents that could serve "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

4. The Court should authorize the re-filing under seal of the Relevant Exhibits because the non-public financial information contained within them represents confidential information of a highly sensitive commercial nature that reflects competitive business strategies, profit margins, and related information whose public disclosure could harm KIK's competitive standing and its customer relationships. In addition, the highly sensitive nature of the documents weighs in favor of their protection from public disclosure, especially because the subject matter of this case is of no particular public interest, as it relates only to a commercial dispute between a private company and certain former shareholders. *See Gelb v. A.T. & T.*, 813 F. Supp. 1022,

1035-36 (S.D.N.Y. 1993) (finding that the possibility of pre-trial, commercial exploitation of internal documents outweighed the public's right to access the documents).

5.  On December 18, 2006, counsel for Counter-Defendants advised that they did not object to the instant motion to seal the specified exhibits.

6.  Finally, KIK does not waive hereby and specifically reserves hereby any arguments that it may make in its opposition to the aforementioned motion to dismiss regarding the propriety or need to consider the exhibits that were filed with plaintiffs' motion to dismiss.

**WHEREFORE**, KIK respectfully requests that the Court grant this Unopposed Motion to Seal Exhibits Filed with Counter-Defendants' Motion to Dismiss, and enter the proposed Order, together with such relief as is just and proper.

Dated: December 18, 2006

KIK INTERNATIONAL LLC

By: /s/ Harry N. Niska
    One of its attorneys

Drew G.A. Peel (N.D. Ind. Bar # 6206846)
Colby Kingsbury (N.D. Ind. Bar # 6272842)
Daniel Moore (N.D. Ind. Bar # 6286898)
Harry Niska (N.D. Ind. Bar # 6288460)
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois  60601
(312) 861-2000 (tel.)
(312) 861-2200 (fax)
dpeel@kirkland.com

*Attorneys for Defendant KIK International LLC*

## **CERTIFICATE OF SERVICE**

I, Drew G. A. Peel, hereby certify that a copy of KIK International LLC's *Unopposed Motion to Seal Exhibits Filed With Counter-Defendants' Motion to Dismiss* was served upon the following attorneys of record by filing through the Northern District of Indiana's CM/ECF system on the 18th day of December 2006.

Timothy J. Abeska

*tim.abeska@btlaw.com*

Robert G. Devetski

*robert.devetski@btlaw.com*

Brian E. Casey

*brian.casey@btlaw.com*

Kelly J. Hartzler

*kelly.hartzler@btlaw.com*
Barnes & Thornburg LLP
600 1st Source Bank Center
100 N. Michigan Street
South Bend, Indiana 46601

                              KIRKLAND & ELLIS LLP

                              By:    /s/ Harry N. Niska
                                    One of its attorneys