UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SATISH SHAH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-712 RLM |
| | ) | |
| KIK INTERNATIONAL LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On May 22, 2007, after seeking leave of this Court, Defendant KIK International LLC (KIK) filed a third amended answer with amended counter claims. On June 5, 2007, Plaintiffs filed a motion for an extension of time to file an answer to those counter claims. For the reasons stated, Plaintiffs' motion is **GRANTED IN PART**.

**I.    PROCEDURE**

On October 13, 2006, Plaintiffs filed their complaint in this Court. On November 9, 2007, KIK filed its answer and several counterclaims. On December 14, 2006, Plaintiffs filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). On January 18, 2007, KIK filed an amended answer in which it added new counterclaims. On February 23, 2007, Plaintiffs also moved to dismiss the new counterclaims. On March 6, 2007, KIK was allowed to file its second amended answer and counterclaims, and the parties agreed that the Plaintiffs' pending motion to dismiss also applied to KIK's second amended counterclaims.

On April 20, 2007, KIK sought leave from this Court to file a third amended answer and counterclaims. Despite Plaintiffs' objection to KIK's request, this Court granted KIK's motion on May 18, 2007. KIK filed its third amended answer on May 22, 2007. On June 5, 2007,

Plaintiffs filed a motion for extension of time to file their answer.  Plaintiffs seek to have until twenty (20) days after this Court resolves the pending motion to dismiss to respond to KIK's third amended answer.  KIK objected to this request on June 13, 2007.  On June 18, 2007, Plaintiffs filed a reply in support of their motion.  This Court may rule on Plaintiffs' motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

**II.    ANALYSIS**

Under Fed. R. Civ. P. 12(a)(2), a counterclaim defendant shall serve an answer to counterclaims within (20) twenty days of service of the answer.  However, service of a motion to dismiss pursuant to Fed. R. Civ. P. 12 postpones the need to file an answer to a counter claim until 10 days after notice of court action on the motion to dismiss.  See Fed. R. Civ. P. 12(a)(4)(a).  Even when a partial motion to dismiss has been filed, a majority of courts have found the need to file a responsive pleading to all counterclaims is tolled until ten (10) days after resolution of the motion to dismiss.  See e.g. Oil Express Nat., Inc. v. D'Alessandro, 173 F.R.D. 219, 221 (N.D. Ill. 1997); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1346 (3d ed. 2004).  Therefore, by operation of law, because Plaintiffs have filed a partial motion to dismiss with regards to some of KIK's counterclaims, Plaintiffs have until ten (10) days after this Court resolves the partial motion to dismiss to file a responsive pleading regarding any of KIK's remaining counterclaims.

The only quirk in the present situation is that KIK has filed a third amended answer with new counterclaims that were not present when Plaintiffs filed their motion to dismiss.  However, this procedural nuance has no practical effect.  The same reasoning for tolling the time to file an answer based on a partial motion to dismiss applies to this situation.  Requiring the Plaintiffs to

answer counterclaims when there is a pending partial motion to dismiss potentially results in duplicative pleadings, confusion regarding the proper scope of discovery, unnecessary expenses, and wasted time.  <u>See</u> Federal Practice and Procedure § 1346.  Requiring the Plaintiffs to answer new counterclaims from an amended answer when there is already a pending partial motion to dismiss creates the same potential effects.  Even though KIK has added new counterclaims in its amended answer, Plaintiffs do not have to answer those claims for the same reasons they would not have had to answer those claims if they would have existed at the time Plaintiffs filed their partial motion to dismiss.

KIK argues that Plaintiffs are simply delaying this litigation by "waiting and seeing" how the first motion to dismiss is resolved.  However, Plaintiffs are entitled to do this under the Federal Rules, and in the long run, delaying the answer may actually expedite and streamline this litigation and alleviate KIK's concerns especially if, as Plaintiffs represent, a resolution of the pending motion to dismiss moots some or all of KIK's remaining counterclaims. Simply put, despite KIK's concerns, Plaintiffs are entitled to file an answer later if they so desire.

Essentially, the only request that Plaintiffs have sought that they are not entitled to as a matter of law is for twenty (20) days after the resolution of the motion to dismiss rather than the ten (10) days allowed by Fed. R. Civ. P. 12(a)(4)(a).  At this time, Plaintiffs have not articulated a need for the extra ten (10) days.  Therefore, Plaintiffs' motion is **GRANTED IN PART** [Doc. No. 65], in that they shall only have the ten (10) days contemplated by Fed. R. Civ. P. 12(a)(4)(a).[1]

---

[1] However, if Plaintiffs require more time to file the appropriate responsive pleading when the motion to dismiss is resolved, they can always seek leave of Court for more time, so long as they make the requisite finding for good cause.

**SO ORDERED.**

Dated this 26th Day of June, 2007.

                                                     S/Christopher A. Nuechterlein
                                                    Christopher A. Nuechterlein
                                                    United States Magistrate Judge